UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10745-GAO

ISAAC LENNIS WOLFE,
Petitioner,

v.

GRONDOLSKY,
Respondent.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below, the Court dismisses this action without prejudice.

On April 18, 2016, Isaac Lennis Wolfe, who is confined at FMC Devens, filed a petition for a writ of corpus under 28 U.S.C. § 2241 in which he challenges the validity of his confinement. Wolfe, who is civilly committed, see United States v. Wolfe, Crim. No. 2:12-00025 (W.D. Va.), asserts that there was insufficient evidence to support the committing court's conclusion that the release of Wolfe would create a risk to Wolfe and the community.

Wolfe also submitted with the petition and one-page letter (dkt. no. 1-1) addressed "to who this will concern" in which he represents that he is not receiving adequate care for a severe medical problem. He reports that he has been coughing up blood, that his left lung, blood, and lymph nodes are infected, that he has a bad heart, and that he has been in pain for eight months. Finally, he states that he has a right to a speedy trial and needs forms to summon his accusers.

To the extent that Wolfe is challenging the validity of his confinement, this action is duplicative of Wolfe v. Grondolsky, C.A. No. 15-14028-WGY. In that action, Judge William G. Young has recently ordered that the petition be served and that Warden Grondolsky respond. The Court assumes that Wolfe filed the present petition because of the his previously-filed petition had not been served. Because the petitions in the two actions are substantially similar and the early-filed petition has now been served, the Court will dismiss without prejudice the present habeas petition.

It is unclear whether Wolfe intends bring claims of inadequate medical care separate from his challenge to the validity of his confinement.  The two matters cannot be litigated in the same action.  Claims challenging the conditions of confinement (rather than the fact or duration of confinement) are not the province of habeas relief.  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]."  Muhammad v. Close, 540 U.S. 749, 750 (2004).

If Wolfe wishes to bring claims regarding his medical care or other conditions of confinement, he must file a civil complaint (rather than a petition for a writ of habeas corpus).  The complaint should include "a short and plain statement of [his] claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement of the claim must "at least set forth minimal facts as to who did what to whom [and] when."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004)).  In the context of his allegations of lack of medical care, Wolfe should set forth in his complaint his medical problems, his attempts to obtain medical care, the persons or persons who did not provide adequate medical care and what each person did, and the relief he is requesting.[1]  Wolfe must also pay the $400 filing fee or seek leave to proceed in forma pauperis.  In providing this guidance, the Court is not ordering th petitioner to file a complaint.  The Court is simply explaining what he must do if he wants to bring a separate lawsuit concerning his medical care.

Accordingly:

---

[1]The Court also notes other provisions of the Federal Rules of Civil Procedure that are applicable to the drafting of a complaint.  Under Fed. R. Civ. P. 10, "[t]he title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

1.	This action is DISMISSED WITHOUT PREJUDICE. The petitioner's challenge to the validity of his confinement is dismissed as duplicative of <u>Wolfe v. Grondolsky</u>, C.A. No. 15-14028-WGY. Any claim for inadequate medical care is dismissed without prejudice to reasserting the same in a separate non-habeas civil action. No filing fee shall be assessed in this action.

2.	The Clerk shall provide the plaintiff with instructions and forms for filing a civil complaint.

3.	The Clerk shall send a copy of this order and the petitioner's letter regarding the alleged lack of medical care to the warden of FMC Devens. The warden is not required to respond.

SO ORDERED.

 4/20/2016                                     /s/ George A. O'Toole, Jr.
DATE                                          GEORGE A. O'TOOLE, JR.
                                              UNITED STATES DISTRICT JUDGE